# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RITA LOGAN o/b/o D.L.,  
    Plaintiff,

vs

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant

Case No. 1:12-cv-672  
Dlott, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 20), which the Commissioner does not oppose.

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party. The Court granted the parties stipulation to remand this matter to the Social Security Administration for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 19).

Further, the joint stipulation was based on the parties' agreement that the administrative law judge's (ALJ) rationale regarding whether plaintiff's impairments medically equal a listing

was deficient. Thus the Commissioner's actions in upholding the decision of the ALJ was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Id.* at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id*. See also *Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).

The Commissioner does not oppose plaintiff's EAJA application and, therefore, has not met his burden of proving substantial justification. Accordingly, EAJA fees should be awarded to plaintiff's counsel for her work conducted before this Court (*i.e.*, the work in securing the remand).

After careful review of the record, and in the absence of any opposition by the Commissioner, the undersigned finds no evidence of special circumstances to bar a fee award here, and further finds that the hourly rate of $170.00, adjusted for cost-of-living increases since enactment of the EAJA, and the 17.5 hours expended that are claimed by counsel are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the

Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $3,145.00 in attorney fees and $350.00 in costs for a total of $3,495.00.

Date: 1/10/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RITA LOGAN o/b/o D.L.,
   Plaintiff,

vs

COMMISSIONER OF
SOCIAL SECURITY,
   Defendant

Case No. 1:12-cv-672
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).